Hume et al., Appellants, *v.* Limbach, Tax Commr., Appellee.

[Cite as *Hume v. Limbach* (1991), 61 Ohio St.3d 387.]

(No. 90–2475—Submitted May 22, 1991—Decided August 14, 1991.)

*Millikin & Fitton, Michael A. Fulton* and *Patricia A. Reilly,* for appellants.

*Lee I. Fisher,* Attorney General, *Richard C. Farrin* and *Janyce C. Katz,* for appellee.

*Per Curiam.* R.C. 5747.02 taxes every individual residing in or earning or receiving income in Ohio. Former R.C. 5747.20(B)(1) allocated to Ohio the compensation of a nonresident:

"All items of compensation paid to an individual for personal services performed in this state who was a nonresident at the time of payment * * * shall be allocated to this state[.]"

Hume principally argues that his contract required him to participate in spring training and exhibition games, but the Reds compensated him for these services during the season. Thus, he argues, he should allocate the compensation for these services to Florida and credit this amount on his Ohio income tax return. To the contrary, the commissioner maintains that the Reds paid Hume only for the playing season because he received compensation only during the playing season. Consequently, she argues, Hume may not allocate the compensation to Florida.

Under the contract, Hume was employed for the training season, exhibition games, the playing season, and, if necessary, the League Championship Series and the World Series. Moreover, under regulation six, he had to report for spring training "without any other compensation than that herein elsewhere provided * * *." He participated in spring training and in exhibition games for the agreed annual salary; but he received payment during the playing season because the Reds did not have enough money to pay him until then.

Furthermore, he understood he had no option to condition himself on his own, and regulation six does not appear to grant him this option. According to the regulation, he must condition himself at his own expense before he receives any pay if he fails to report for spring training or participate in exhibition games, "as required and provided for."

Thus, he was compensated for the training season and exhibition games, despite receiving payment only during the playing season. Consequently, he may allocate out of state the income for services performed in Florida. See *In re Petition of White* (June 20, 1980), N.Y. Tax Comm. No. TSB–H–80–(93)–I, unreported; *In re Petition of Richardson* (June 20, 1985), N.Y. Tax Comm. No. TSB–H–85–(16)–I, unreported.

Accordingly, we hold that the BTA's decision is unreasonable, and we reverse it. We remand the case to the BTA for it to redetermine the disputed credit and account for the time Hume participated in the training season and exhibition games in Florida.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.